■ HIGHLAND SECURITIES COMPANY, on Behalf of Itself and GEORGETOWN HOSPITALITY ASSOCIATES, L. P., Respondent, v MARTIN HECHT et al., Appellants, et al., Defendants.—Order of the Supreme Court, New York (Martin B. Stecher, J.), entered on September 8, 1987, which, *inter alia,* denied the motion by defendants Martin Hecht, Jeffrey Stoler, Clifford Johnson, Larco, Inc., R.E. Equity, Inc. and Georgetown Hospitality Investors, L. P. for summary judgment pursuant to CPLR 3212 and, upon a search of the record, granted summary judgment to plaintiff as to liability on the first, second and third causes of action, is unanimously modified on the law to the extent of vacating the grant of summary judgment to plaintiff on the second cause of action and granting defendants' motion for summary judgment dismissing the second cause of action, and otherwise affirmed, without costs or disbursements.

In its second cause of action, plaintiff alleges that the general partners, acting through defendants Martin Hecht and Jeffrey Stoler, made certain misrepresentations regarding the distribution of the proceeds of the sale of the subject property, a Holiday Inn motel in Georgetown, South Carolina. However, as the Supreme Court properly determined, the purported misrepresentation involved herein, specifically that plaintiff would receive a return of $850,000 as a result of the sale, does not support a claim for fraud since the oral promise was not enforceable and no justifiable reliance could be placed thereon. The fraud which the Supreme Court did deem adequate to state a cause of action, the promise of priority of payment, arises from defendants' failure to comply with section 9.02 of the partnership agreement and, thus, is founded in contract, not fraud. As this court held in *Tesoro Petroleum Corp. v Holborn Oil Co.* (108 AD2d 607), "[a] failure to perform promises of future acts is merely a breach of contract to be enforced by an action on the contract. A cause of action for fraud does not arise when the only fraud charged relates to a breach of contract." Moreover, "[a] contract action may not be converted into one for fraud by the mere additional allegation that the contracting party did not intend to meet his contractual obligation" *(Comtomark, Inc. v Satellite Communications Network,* 116 AD2d 499, 500). Consequently, defendants are entitled to summary judgment dismissing the second cause of action. Concur—Carro, J. P., Asch, Milonas and Wallach, JJ.