■ In the Matter of 2 FIFTH AVENUE TENANTS ASSOCIATION et al., Appellants, v ROBERT ABRAMS, as Attorney-General of the State of New York, Respondents. [608 NYS2d 825] —Judgment, Supreme Court, New York County (Seymour Schwartz, J.), entered April 1, 1993, unanimously affirmed for the reasons stated by Schwartz, J., without costs and without disbursements. No opinion. Concur—Rosenberger, J. P., Ellerin, Nardelli and Williams, JJ.

■ JACQUELINE ANDRES et al., Appellants, v LEROY ADVENTURES, INC., Respondent. [607 NYS2d 261] —Order, Supreme Court, New York County (Carol Huff, J.), entered June 17, 1993, which, insofar as appealed from, granted defendant's motion to dismiss plaintiffs' causes of action for negligent misrepresentation and fraud, unanimously affirmed, without costs.

The cause of action for negligent misrepresentation was properly dismissed on the ground that a "special relationship" giving rise to a duty to impart correct information could not be discerned from the arm's length dealings between the parties alleged in the complaint (see, Delcor Labs. v Cosmair, Inc., 169 AD2d 639, 639-640, lv dismissed 78 NY2d 952). Coolite Corp. v American Cyanamid Co. (52 AD2d 486), upon which plaintiffs rely, does not suggest a different result, since there the relationship between the parties was already in existence when the alleged negligent misrepresentations were made (see, Pappas v Harrow Stores, 140 AD2d 501, 505). As for the cause of action for fraud, while it may allege the partial, and therefore misleading, disclosure of an existing fact (see, Stambovsky v Ackley, 169 AD2d 254, 257-258), rather than mere nonactionable expressions as to future conduct as defendant maintains, this alone is not sufficient. Under either theory of pecuniary loss discernible from plaintiffs' papers, whether they would have not engaged defendant's restaurant for their wedding party had they known of the true state of affairs, or whether they would have chosen a smaller less expensive space on defendant's premises, their damages under the fraud cause of action are limited to out-of-pocket expenses that do not exceed the recovery sought under the contract cause of action (see, Orbit Holding Corp. v Anthony Hotel Corp., 121 AD2d 311, 315) and are therefore duplicative (see, Tierney v Capricorn Investors, 189 AD2d 629, 631-632, lv denied 81 NY2d 710). Concur—Rosenberger, J. P., Ellerin, Asch, Nardelli and Williams, JJ.