(March 30, 1995)

■ Marvin Feldman, Respondent, v Maurice G. Grant et al., Appellants, et al., Defendants. [625 NYS2d 7] —Order and judgment (one paper), Supreme Court, New York County (Rosemary Pooler, J.), entered August 4, 1993, after a nonjury trial, which, *inter alia,* directed judgment in favor of plaintiff on his first cause of action for breach of contract and his second cause of action for fraud and awarded him the sum of $44,000, plus interest of $15,697, for a total amount of $59,697,

unanimously modified, on the law, to the extent of awarding the plaintiff $44,000 representing the return of the principal of the loan, with interest at 9% from the date of the transaction, and *sua sponte* granting rescission of the loan agreement and vacating the direction that judgment be accorded plaintiff on his second cause of action for fraud and otherwise affirmed, without costs.

It is clear from the record that New Horizons Realty, Inc., the purported corporate borrower under the loan agreement is non-existent. It was never created. The reason for the failure to form this corporation is not established in the record. This is not a situation where the corporate form was used to shield from usury a loan to an individual for personal debts as in *Schneider v Phelps* (41 NY2d 238). Rather, it appears that the purpose of the loan was to purchase a building for investment purposes, a valid corporate venture.

We are satisfied that both the plaintiff-lender and the two individual defendants, Grant and Anderson, were acting in good faith under a mutual mistake as to the bona fide existence of New Horizons Realty, Inc., and intended that New Horizons be the borrower under the loan agreement. In the absence of a validly created corporate borrower, it is conceded that the defense of usury would bar enforcement of the loan agreement both as to principal and interest *(see,* General Obligations Law § 5-511 [2]; *Seidel v 18 E. 17th St. Owners,* 79 NY2d 735). Under the circumstances we exercise our equitable power, *sua sponte,* to award rescission of the loan agreement on the grounds of mutual mistake and put the parties in the *status quo ante (see, De Mayo v Yates Realty Corp.,* 35 AD2d 700, *affd* 28 NY2d 894).

With respect to the second cause of action, defendants persuasively argue that the evidence does not support the court's finding that they had engaged in fraudulent conduct. The law is settled that in order to demonstrate fraud, a party must show the following elements: (1) misrepresentation of a material fact, (2) scienter, (3) justifiable reliance, and (4) injury or damages *(Gouldsbury v Dan's Supreme Supermarket,* 154 AD2d 509, 510-511, *lv denied* 75 NY2d 701). In that regard, there is little indication that defendants Grant and Anderson either intended to defraud plaintiff or that plaintiff was justified in relying upon the representations that he was extending a loan to New Horizons Realty.

Leave to appeal to the Court of Appeals denied, and reargument granted to the extent of substituting a new decision and

order released simultaneously herewith for the unpublished decision and order (Appeal No. 53025) entered on November 3, 1994, as indicated. Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Asch, JJ.