**PI, INC., Plaintiff,**

v.

**QUALITY PRODUCTS, INC., James S. Renaldo and Lee Ogle, Defendants.**

No. 95 Civ. 1723 (JGK).

United States District Court,
S.D. New York.

Feb. 26, 1996.

Elliot I. Miller, Kleban & Samor, P.C., Southport, CT, for plaintiff.

Richard W. Cohen, Robinson Borg Leinwand Reich Genovese & Gluck, P.C., New York City, for defendant Quality, Inc.

*OPINION AND ORDER ON RECONSIDERATION*

KOELTL, District Judge:

By letter dated January 10, 1996, the plaintiff PI, Inc. ("PI") seeks reargument, rehearing and renewal of the motion by defendant Quality Products, Inc. ("Quality") seeking the dismissal the plaintiff's fraud claim pursuant to Fed.R.Civ.P. 12(b)(6). The Court granted Quality's motion in an opinion dated December 22, 1995, holding that the plaintiff's fraud claim against Quality was duplicative of its breach of contract claim because it alleged merely that Quality had not intended to fulfill its express contractual obligations at the time of contracting.

PI asserts that the Court should reconsider its decision because it failed to follow the recent New York Court of Appeals decision in *Graubard Mollen Dannett & Horowitz v. Moskovitz*, 86 N.Y.2d 112, 629 N.Y.S.2d 1009, 653 N.E.2d 1179 (1995). The plaintiff contends that this Court should have interpreted *Graubard* in the same way that decision was interpreted in *Symonds v. Westdeutsche Landesbank Girozentrale*, a January 8, 1996 decision by the New York State Supreme Court, New York County IAS Part 14.

This Court was well-aware of the *Graubard* decision at the time it rendered its opinion in the present case and in fact cited *Graubard* in its December 22 opinion. *See* 907 F.Supp. 752, 760–61. The recent *Symonds* decision the plaintiff cites is not a controlling decision for this Court and thus does not require a rehearing in the present case. Moreover, in *Symonds* itself, despite some rather broad language, the court found that "more than a general allegation of lack of intent to carry out a contractual promise is necessary." The court went on to find that there were allegedly specific fraudulent pre-contractual representations, all of which do not appear to have been reflected in the resulting contract.

Accordingly, because PI has not suggested any controlling decisions or factual matters that the Court overlooked or misapprehended, *see* Local Civil Rule 3(j), the plaintiff's motion for reargument, rehearing, and renewal is DENIED.

**SO ORDERED.**