**CHAMPION TITANIUM HORSESHOE, INC., Plaintiff,**

v.

**WYMAN–GORDON INVESTMENT CASTINGS, INC., Defendant.**

No. 95 CV 5781 (JSR)(LMS).

United States District Court, S.D. New York.

May 13, 1996.

---

Paul D. Wexler, Bragar & Wexler, P.C., New York City, for Plaintiff.

Vincent F. O'Rourke, Jr., Bowditch & Dewey, Worcester, MA, Mark L. Weyman, Anderson, Kill, Olick & Oshinsky, P.C., New York City, for Defendant.

## OPINION AND ORDER

RAKOFF, District Judge.

Champion Titanium Horseshoe, Inc. owns patents on lightweight horseshoes. In 1993, it contracted with an aerospace manufacturer named Wyman–Gordon Investment Castings, Inc. to produce several hundred thousand of these shoes; but Wyman allegedly failed to fulfill its end of the bargain. Accordingly, in the summer of 1995, Champion sued Wyman in federal court for breach of contract and related claims. An answer was filed, neither side demanded a jury, and a civil case management plan was ordered that required that the case be ready for trial by April 15, 1996.

Then, late in 1995, Champion scratched its original counsel and trotted out new attorneys, who promptly moved to file a jury demand out of time and to file an amended complaint adding charges of fraud and negligent misrepresentation. In an opinion dated February 26, 1996, Magistrate Judge Smith denied both motions. Champion timely moved for reconsideration by this Court, pursuant to 28 U.S.C. § 636(b)(1)(A). Upon reconsideration, this Court concurs in the denial of both of Champion's motions, for the reasons that follow.

### I. The Proposed Amended Complaint

While leave to file an amended pleading shall be freely given "when justice so requires," Fed.R.Civ.P. 15(a), it must be denied where the proposed pleading fails to state a claim. *Azurite Corp. Ltd. v. Amster & Co.*, 52 F.3d 15, 19 (2d Cir.1995). Judge Smith denied leave to amend because she found that the proposed new claims, purporting to sound in fraud and negligent misrepresentation, collapsed on inspection into the

same breach of contract claim previously pled. While plaintiff seeks review of this conclusion on the ground that it is clearly erroneous, *see* 28 U.S.C. § 636(b)(1)(A), actually it is subject to reconsideration *de novo,* since it is dispositive of the proposed new claims. Fed.R.Civ.P. 72(b); *see Moss v. Stinnes Corp.,* 92 Civ. 3788 (JFK), 1995 WL 625685 (S.D.N.Y. Oct. 25, 1995). But even on this more generous standard of review, leave to file the proposed amended complaint must be denied.

The proposed amended complaint alleges that Champion was induced to enter into two successive contracts with Wyman—a three-month contract agreed to on March 12, 1993, and a larger, longer-term contract entered into on September 17, 1993—in reliance on Wyman's allegedly false representations that it had the capacity and expertise to produce in a timely manner the number and quality of horseshoes required by plaintiff. Proposed Amended Complaint at ¶ 28; *see* Affidavit of Paul D. Wexler, Esq., sworn to on February 29, 1996, at ¶ 4. Judge Smith held this was duplicative of the breach of contract claim in the original complaint because "[t]he only additional allegation is, in essence, that defendant did not intend to fulfill its contractual obligations at the time it made certain promises and representations to plaintiff [and this] allegation is insufficient to make out a separate claim for fraud and negligent misrepresentations." Order, dated February 26, 1996, of Magistrate Judge Smith. *See, e.g., GSGSB, Inc. v. New York Yankees,* 862 F.Supp. 1160, 1177 (S.D.N.Y.1994) (citing New York State cases).[1] Champion challenges this conclusion, contending that the doctrine on which Judge Smith relied has been overruled or limited by the recent decision of the New York Court of Appeals in *Graubard Mollen Dannett & Horowitz v. Moskovitz,* 86 N.Y.2d 112, 629 N.Y.S.2d 1009, 653 N.E.2d 1179 (1995), and that, even *pre-Graubard,* the doctrine does not apply to claims of fraud in the inducement. *See* Wexler Aff. at ¶¶ 3, 4; Plaintiff's Reply Memorandum of Law In Support of Motions to Amend Complaint and File A Jury Demand, at pp. 2–5.

There is no question that this somewhat opaque area of New York law has been made murkier still by the holding in *Graubard* that "[a] false statement of intention is sufficient to support an action for fraud, even where that statement relates to an agreement between the parties." *Graubard,* 86 N.Y.2d at 122, 629 N.Y.S.2d 1009, 653 N.E.2d 1179. But this Court need not wrestle with this Delphic utterance, nor with its impact on prior New York law in this area, *cf. PI, Inc. v. Quality Products, Inc.,* 916 F.Supp. 332 (S.D.N.Y.1996), because the Court finds that the proposed amended complaint does not adequately plead the essential elements of fraud or negligent misrepresentations in any case.

█ In order to plead fraud, a complaint must allege specific facts showing that the defendant intentionally made false material representations on which the plaintiff relied to his detriment. *See, e.g., Feldman v. Grant,* 213 A.D.2d 340, 625 N.Y.S.2d 7, 8 (1st Dep't), *leave denied,* 86 N.Y.2d 701, 631 N.Y.S.2d 605, 655 N.E.2d 702 (1995). Here, Champion alleges that Wyman induced it to enter into two contracts by representing that it had the capacity and expertise to perform the contracts in a timely and adequate manner. Proposed Amended Complaint at ¶ 28. But the only "fact" alleged to show that these representations were false when made is the bald assertion that Wyman failed to so perform. This is patently inadequate on its face to establish either falsity or intent; indeed, if it were otherwise, every complaint for breach of contract would *ipso facto* state a claim for fraud. Nor is anything added by the allegation, unsupported by a single well-pleaded fact, that Wyman was merely dabbling in the possibility of producing horseshoes during slow periods in the aerospace industry, *see* Proposed Amended Complaint at ¶ 29, for this is as consistent with an intention to perform as not to.

Moreover, the proposed amended complaint itself undercuts any claim of reliance, for it avers that, despite knowledge of Wyman's alleged tardiness and shoddiness, Champion continued to do business with Wy-

1. There is no disagreement that New York law   governs the substantive questions here at issue.

man well into 1994. *See generally J & H Stolow, Inc. v. Epstein Becker & Green P.C.,* — A.D.2d ——, 639 N.Y.S.2d 25, 25 (1st Dep't 1996); *Highland Securities Co. v. Hecht,* 145 A.D.2d 393, 393, 536 N.Y.S.2d 67, 68 (1st Dep't 1988).

Finally, as to plaintiff's fall-back position that "[l]ater, defendant deliberately stopped manufacturing the horseshoes in order to induce a desperate Champion to turn over its business to Wyman," Proposed Amended Complaint at ¶ 29, this is not only irrelevant on its face to any claim · of fraud in the inducement but is also contradicted by the proposed amended complaint's own allegations that, well after the take-over proposal was rejected in September, 1994, Champion and Wyman continued to do business, albeit in much the same haphazard manner as previously. *See* Proposed Amended Complaint at ¶ 23–26.

■ As for plaintiff's claim of negligent misrepresentation, plaintiff has utterly failed to plead facts sufficient to establish the fiduciary or· other "special" relationship requisite to such a claim. *Andres v. LeRoy Adventures, Inc.,* 201 A.D.2d 262, 607 N.Y.S.2d 261, 262 (1st Dep't 1994); *Delcor Labs., Inc. v. Cosmair, Inc.,* 169 A.D.2d 639, 639–40, 564 N.Y.S.2d 771 (1st Dep't 1991). Indeed, plaintiff voluntarily stipulated to the dismissal of a third cause of action of its original complaint that was likewise grounded on a supposed special duty to disclose.

Consequently, it would be futile to permit amendment of the complaint, for neither of the proposed new claims is legally adequate.

*II. The Proposed Jury Demand*

■ Magistrate Judge Smith also denied plaintiff's motion for leave to file a jury demand out of time, rejecting plaintiff's claim that the jury waiver was the result of excusable neglect on the part of plaintiff's prior counsel. Judge Smith's ruling on this non-dispositive matter may be set aside only if it is clearly erroneous or contrary to law, Fed. R.Civ.P. 72(a); but even if it were subject to *de novo* review, this Court would concur in the result reached by Judge Smith.

It is uncontested that plaintiff failed to demand a trial by jury within the required ten days after service of the complaint. *See* Fed.R.Civ.P. 38(b). While plaintiff's present counsel seeks to excuse this failure on the ground that prior counsel was more familiar with state court procedure than federal procedure, *see* Memorandum in Support of Plaintiff's Motion For Leave to File An Amended Complaint and To File a Jury Demand, at p. 3, it was this same prior counsel who chose to file this diversity action in federal court. "[I]t would not seem too exacting to expect that, having selected the forum, the plaintiff should be familiar with and abide by the procedures followed there." *Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389, 392 (2d Cir.1983).

In any case, any doubt as to plaintiff's original intent was removed on October 13, 1995, when the parties presented to Judge Brieant for his signature a proposed civil case management plan that they had prepared, and that expressly stated that the case "is *not* to be tried to a jury" (emphasis supplied). To permit an untimely jury demand under such circumstances on no better excuse than inadvertence of counsel would itself constitute plain error. *Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 70 (2d Cir.1967).

On reconsideration, Judge Smith's rulings are affirmed.

SO ORDERED.