In the Matter of the Dissolution of WILLMARK SERVICE SYSTEM, INC.

First Department, July 2, 1964.

*Arnold R. Krakower* (*Eugene V. Weissman* and *Jerome L. Reinstein* with him on the brief), attorney for Edward J. Bernstein, petitioner.

*Herbert Robinson* of counsel (*Julian S. Perlman, Frederick E. Smithline* and *Theodore J. Jacobs* with him on the brief; (*Liebman, Eulau & Robinson,* attorneys), for Willmark Service System, Inc., and others.

*Per Curiam.* This is an application made pursuant to CPLR 5704 (subd. [a]) to vacate an order to show cause, granted ex parte, requiring all persons interested in a corporation to show cause before a Referee, designated in the order, why the corporation should not be dissolved. The order to show cause is predicated upon a petition under section 1104 of the Business Corporation Law.

Initially, we deal with the appropriate practice in attacking such orders to show cause. While this court, or a Justice thereof, may, under CPLR 5704 (subd. [a]), vacate or modify any order of the Supreme Court or a Justice thereof granted without notice to an adverse party, that power is not to be invoked except in unusual circumstances. The proper procedure is to move, on notice, to vacate the ex parte order at Special Term pursuant to CPLR 2221 (subd. 2). Then an appeal may be taken to this court from a denial of the motion to vacate. That was the procedure adopted in *Matter of Three Hundred Fifty West Forty-Sixth St. (Marbo)* (20 A D 2d 685) — a case involving an ex parte order in a corporate dissolution proceeding.

It may be that applications to the Appellate Division under CPLR 5704 (subd. [a]) are made in order to obtain a temporary stay of the order sought to be vacated until the Appellate Division determines the motion. But, there is no reason why an appropriate stay may not be obtained from Special Term in an order to show cause why the ex parte order should not be vacated. Only in those cases where a stay is refused in such an order to show cause should application be made to the Appellate Division, under CPLR 5704 (subd. [a]) to grant the stay which had been applied for and refused by the Supreme Court or a Justice

thereof.  If the papers warrant such relief, then the Appellate Division or a Justice thereof, may grant the stay of proceedings while the motion to vacate the ex parte order is being processed. Of course, if the motion to vacate is denied, and an appeal is taken to this court, appellant may always apply for a stay pending appeal and, in a proper case, it may be granted.

Section 1106 of the Business Corporation Law provides that upon the presentation of a petition for dissolution of a corporation, the court shall make an order requiring the corporation and all persons interested in the corporation to show cause before the court, or before a Referee designated in the order, why the corporation should not be dissolved.  The General Corporation Law, which was supplanted by the Business Corporation Law contained a similar provision.  This court, however, in *Matter of Audio-Subscriptions (Schwartz)* (272 App. Div. 50) held that an order to show cause in a dissolution proceeding should, as a matter of proper exercise of discretion, be made returnable at Special Term, rather than before a Referee designated in the order to show cause, and then Special Term can dispose of the proceeding or refer it " after first noting the appearances, receiving opposing affidavits and hearing such objections as might have been urged against any reference proposed " (p. 52).

But even when the order to show cause is made returnable before Special Term and decision is made to entertain the proceeding, there should not be a reference directed where the issue as to whether the corporation is to be dissolved is not complex. In *Matter of Sutter French Confections* (17 A D 2d 610) we said: " Absent complexity or the necessity for extended hearings, the better practice is for the court to try the issue and refrain from referring the matter ".  We reiterated that view in *Matter of Howell Realty Corp.* (19 A D 2d 805).  In both of the last-cited cases it was pointed out that the reason for having the court, rather than a Referee, hear the allegations and the proof is that a Referee, so designated, must *determine* the facts—not only report on them—and hence Special Term is without power to review the Referee's findings.  (Business Corporation Law, § 1109; *Matter of Seamerlin Operating Co.* [*Searing-Merlino*], 307 N. Y. 407.)

The motion to vacate the ex parte order to show cause should therefore be denied, without prejudice to the making of a motion to vacate the order at Special Term within 15 days after the service of a copy of the order to be entered hereon with notice of entry.  Pending the hearing and determination of the motion to vacate, all proceedings under the order to show cause will be stayed.  Settle order.

BOTEIN, P. J., BREITEL, VALENTE, STEVENS and EAGER, JJ., concur.

Application to vacate ex parte order to show cause denied, without prejudice to the making of a motion to vacate the order at Special Term within 15 days after the service of a copy of the order to be entered hereon with notice of entry. Pending the hearing and determination of the motion to vacate, all proceedings under the order to show cause will be stayed. Settle order on notice.