■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE MARTIN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 29, 1976, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and indictment dismissed. On this record, the proof was insufficient to establish appellant's possession, either actual, constructive or accessorial, of a loaded firearm (see Penal Law, §§ 10.00, subd 8; 20.00, 265.03; *People v Torres,* 45 AD2d 1042; *People v Ledyard,* 32 Misc 2d 714). Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT VASQUEZ, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Rockland County, imposed January 28, 1977, upon his conviction of criminal sale of a controlled substance in the third degree, upon his plea of guilty, the sentence being a period of imprisonment with a minimum of three years and a maximum of life. Sentence modified, as a matter of discretion in the interest of justice, by reducing the minimum period of incarceration to one year. As so modified, sentence affirmed. The sentence was excessive to the extent indicated herein. Cohalan, J. P., Margett, Hawkins and Suozzi, JJ., concur.

## (October 18, 1977)

■ In the Matter of ELLEN D. COOPERMAN, Appellant.—On the court's own motion, appeal by petitioner from an order of the Supreme Court, Suffolk County, entered November 29, 1976, denying her application for a change of name, dismissed, without prejudice to such other proceedings as petitioner may be advised to institute. An appeal from an ex parte order is not authorized *(Matter of Bean v Stoddard,* 207 App Div 276, affd 238 NY 618; *Matter of Willmark Serv. System,* 21 AD2d 478). In our opinion, review of this ex parte order does not come within the provisions of CPLR 5704 (subd [a]). Gulotta, P. J., Hopkins, Latham and Cohalan, JJ., concur.

■ In the Matter of LORRAINE O'KIE et al., Appellants, v ARTHUR ACKERSON et al., Respondents. In the Matter of JOHN T. STEWART, as Chairman of the Rockland County Conservative Party Committee, Appellant, v ARTHUR ACKERSON et al., Respondents.—In two proceedings (1) to, *inter alia,* compel respondents to print the names of the candidates shown on the designating petitions of the Stop Rising Taxes Party on a separate line on the ballot and in the voting machine at the general election to be held on November 8, 1977, and (2) to restrain respondents from printing, issuing or distributing any official ballot for the said election upon which the name and symbol of another party is printed on the Conservative Party line, the appeals are from two judgments of the Supreme Court, Rockland County, one in each proceeding, dated October 14, 1977 and October 17, 1977, respectively, which denied the applications. Judgments affirmed, without costs or disbursements (see *Matter of Cherry v Hayduk,* 49 AD2d 934). Motion for leave to appeal to the Court of Appeals from these determinations is denied. Hopkins, J. P., Cohalan, Margett and Hawkins, JJ., concur.