■ Maureen Nedell, Individually and as Administratrix of the Estate of Phillip J. Nedell, Deceased, Appellant, v Jason Sprigman et al., Respondents. [641 NYS2d 837] —Order, Supreme Court, Suffolk County (William L. Underwood, J.), entered on or about January 30, 1995, which purports to deny plaintiff's motion for reargument of an order dated July 22, 1994 (same court and Justice), which denied plaintiff's motion to restore this case to the trial calendar and dismissed the complaint, unanimously reversed, on the law, with costs against each defendant, plaintiff's motion to restore the matter to the trial calendar granted, the complaint reinstated, and the matter remanded for immediate trial.

Motion (M-739) to dismiss this appeal as from a non-appealable order unanimously denied.

It is fundamental that a party may not appeal an order made either without notice (CPLR 5701 [a] [2]) or upon default (CPLR 5511). A party who wishes to contest such an order should move, on notice, to vacate the order pursuant to CPLR 2221 (a). "Then an appeal may be taken to [the Appellate Division] from a denial of the motion to vacate" (*Matter of Willmark Serv. Sys.*, 21 AD2d 478, 479). Contrary to defendants' contentions, there is no question that the order dismissing plaintiff's complaint pursuant to CPLR 3404, which provides for the automatic dismissal of a case which has been "marked 'off' " the calendar and not restored within one year, was not on notice. Indeed, the Second Department dismissed an appeal from that order on precisely that ground. Moreover, the dismissal

pursuant to CPLR 3404 was clearly based on plaintiff's alleged default, and is nonappealable on that ground as well (CPLR 5511). Thus, plaintiff, who desired to protest, and, if necessary, appeal from the dismissal of her complaint, followed precisely the correct procedure by moving before the trial court to vacate the prior order. The trial court therefore erred in denominating that motion to vacate as one for "reargument".

Moreover, the court also erred in failing to vacate its prior order dismissing the complaint. A case which is deemed abandoned under CPLR 3404 and dismissed for neglect to prosecute should be restored if, on motion, the plaintiff can show a lack of intent to abandon the action, the existence of a meritorious cause of action, a reasonable excuse for the delay and the lack of substantial prejudice (*Kopilas v Peterson*, 206 AD2d 460; *Roberts v Town of Hempstead*, 206 AD2d 466).

In this case, plaintiff's case had been placed on a calendar designated as "marked off, case active [MOCA]" with the consent of all parties during the pendency of two prior appeals, as to both of which plaintiff was completely successful (*Nedell v St. George's Golf & Country Club*, 203 AD2d 121). There is absolutely no indication of any dilatoriness on plaintiff's part in pursuing those appeals. This clearly demonstrates that plaintiff had no intention of abandoning the action and demonstrates a reasonable excuse for the delay. Furthermore, contrary to defendants' contentions, it is clear that this Court has already held that plaintiff's action is not, on its face, lacking in merit, as this issue was raised and decided in plaintiff's prior appeals. Finally, there has clearly been no prejudice to defendants, who actually concurred in the placing of the case on the MOCA calendar. Indeed, counsel for the Sprigman defendants had evinced an intention, were the case to be returned to the trial calendar, to immediately place the action on the military calendar, to protect the interests of one of his clients, who is a member of the United States Marine Corps.

It should be noted that the trial court's treatment of cases which were put on the MOCA calendar in exactly the same manner as cases which were simply marked "off" is most perplexing. Indeed, it is not at all clear that a case denominated "marked off, case active" has been marked "off" within the meaning of CPLR 3404, thereby permitting the drastic sanction of automatic dismissal if not restored within a year. Surely, if MOCA cases are subject to the exact same rules as cases simply marked "off", it would be preferable not to have a MOCA calendar at all, since its only purpose would seem to be to lull litigants into a false sense of security. Concur—Sullivan, J. P., Milonas, Ellerin, Williams and Mazzarelli, JJ.