■ CLEARWATER REALTY COMPANY, Respondent, v MIGUEL HERNANDEZ, Doing Business as WINNERS SPORTS, Appellant. [681 NYS2d 270] —Judgment, Supreme Court, New York County (Louise Gruner Gans, J.), entered March 2, 1998, which awarded plaintiff landlord $66,431.92, inclusive of interest and costs, upon granting plaintiff's motion for reargument and granting summary judgment in favor of plaintiff, unanimously reversed, on the law, with costs, and the motion denied.

This dispute, which concerns defendant tenant's liability for rent under a 10-year commercial lease, was first litigated in the Civil Court of the City of New York. Plaintiff landlord commenced a non-payment proceeding to recover rent due for the month of October 1989 in the amount of $4,770, together with legal fees, seeking a total of $6,027. In December 1989, the parties entered into a settlement, the sole documentary evidence of which is a one-line statement signed only by defendant tenant, which recites, "I hereby surrender to the Landlord

possession of 328 Grand Street, New York, New York." It is defendant tenant's contention that the landlord retained a $13,500 security deposit and accepted surrender of the premises in full settlement of defendant's obligations under the lease.

In February 1990, plaintiff commenced a Supreme Court action to recover rent due or to become due under the lease (index No. 6195/90). By order dated March 4, 1997, the court (Richard Lowe, III, J.), granted defendant's motion to dismiss the complaint for failure to prosecute, holding that plaintiff had offered no explanation for its failure to file a note of issue in response to defendant's demand (CPLR 3216 [b] [3]; [e]). The court noted that plaintiff had also failed to refute defendant's affidavit, submitted with defendant's reply papers, asserting that he had observed a new tenant in possession of the leased premises in January 1990. Plaintiff took no appeal from this order, having commenced the instant action (index No. 125767/95) on or about October 24, 1995, six years to the month after plaintiff landlord brought the summary nonpayment proceeding.

On appeal, defendant argues that summary judgment is precluded because, at the time this action was commenced, there was another action pending, in which Supreme Court had denied a motion for summary judgment sought by the landlord on identical grounds. Defendant further contends that the court erred in entertaining the motion brought more than 120 days after joinder of issue. Finally, defendant contends that questions of fact render summary judgment inappropriate.

The writing purporting to evince a settlement is not binding on plaintiff because it is not subscribed by the landlord's representative (CPLR 2104). The time limit for bringing a summary judgment motion runs from the date a note of issue is filed, not the date issue is joined (CPLR 3212 [a]); as no note of issue was ever filed, the motion was timely brought. Nor is this suit barred by the pendency of the earlier action; the affirmative defense (CPLR 3211 [a] [4]) was never made the subject of a dismissal motion (CPLR 3211 [e]). Finally, the denial of summary judgment in the earlier suit is no bar to a similar motion in this action. "In order to invoke the doctrine of res judicata or collateral estoppel, it is essential that the disposition asserted as a bar to further prosecution of the action be one on the merits (*Maitland v Trojan Elec. & Mach. Co.*, 65 NY2d 614; Siegel, NY Prac § 446)" (*Stevens v Kirk*, 171 AD2d 587). Neither the denial of a motion for summary judgment nor dismissal for want of prosecution can be considered an adjudication on the merits.

Because plaintiff was able to begin a second action, the subsequent grant of summary judgment does not technically offend "the well-founded judicial policy barring conflicting rulings by courts of coordinate jurisdiction, as exemplified by the requirement that an application affecting a prior order or judgment be made to the Judge who signed it (CPLR 2221 [a]; *George W. Collins, Inc. v Olsker-McLain Indus.,* [22 AD2d 485,] at 488; *see also, State of New York Higher Educ. Servs. Corp. v Starr,* 158 AD2d 771)" (*Mears v Chrysler Fin. Corp.,* 243 AD2d 270, 272). However, it does run counter to the policy reflected in the Individual Assignment System (Uniform Rules for Trial Cts [22 NYCRR] § 202.3). As this Court stated in *Rosenshein v Rosenshein* (158 AD2d 268, 268-269): "We take this opportunity to observe that the advent of the Individual Assignment System has simultaneously expanded the application of res judicata, in the broad sense of that term as a reflection of judicial policy (*see,* Siegel, NY Prac § 442), and reduced the necessity to rely entirely on the narrow doctrine of law of the case which 'makes a decided point, within a case, binding not only on the parties, but on all other judges of coordinate jurisdiction' (Siegel, NY Prac § 448). Because IAS 'provides for the continuous supervision of each action and proceeding by a single judge' (Uniform Rules for Trial Cts, 22 NYCRR 202.3 [a]), the need to apply a rule which binds a Judge of coordinate jurisdiction is, in theory, obviated." In keeping with the spirit of the Individual Assignment System (IAS), a subsequent action in the course of the same litigation should be referred to the Judge that entertained the earlier proceedings (*see,* Uniform Rules for Trial Cts [22 NYCRR] § 202.3 [b]), thereby promoting the objectives of the IAS system to avoid inconsistent rulings and promote judicial economy.

Finally, plaintiff takes issue with defendant's assertion that another tenant assumed occupancy of the leased premises at some time during January 1990. Although landlord's failure to contest the question of reletting the premises was cited as grounds for granting summary judgment to defendant in the earlier action, the issue was never really before the court. As we have stated, "Arguments advanced for the first time in reply papers are entitled to no consideration by a court entertaining a summary judgment motion. This Court has required and will require consistent application of the rule (*Azzopardi v American Blower Corp.,* 192 AD2d 453, 454; *Dannasch v Bifulco,* 184 AD2d 415, 415-417)" (*Lumbermen's Mut. Cas. Co. v Morse Shoe Co.,* 218 AD2d 624, 626).

In granting summary judgment to plaintiff in the present ac-

tion, Supreme Court did not credit defendant's allegation that a new tenant took possession in January 1990. The court resolved the question in favor of the landlord, finding that, "[i]n the absence of any descriptive facts", it is insufficient to defeat the landlord's motion.

It is settled that the function of a court on a motion for summary judgment is issue finding, not issue determination (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395; *Wiener v Ga-Ro Die Cutting*, 104 AD2d 331, *affd* 65 NY2d 732). Plaintiff landlord has not submitted rent records or other documentary evidence to establish the status of the premises after defendant surrendered possession. The conflicting affidavits constitute competent evidence (*Tungsupong v Bronx-Lebanon Hosp. Ctr.*, 213 AD2d 236, 237 [party witness]; *Harris v City of New York*, 147 AD2d 186, 189 [guardian]; *compare, Adams v Alexander's Dept. Stores*, 226 AD2d 130, 131-132) requiring the resolution of a material question of fact at trial (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, citing *Zuckerman v City of New York*, 49 NY2d 557). Concur—Sullivan, J. P., Rubin, Tom and Saxe, JJ.