■ MICHAEL LICHTMAN, Appellant, v MOUNT JUDAH CEMETERY et al., Respondents. [705 NYS2d 23] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered November 9, 1998, which, to the extent appealable, denied plaintiff's motions for leave to serve an amended complaint, for an order granting class action status and to compel defendants to provide discovery, and granted the cross motion of defendant Kirschenbaum Bros., Inc. for summary judgment, unanimously affirmed, without costs. Appeals from order, Supreme Court, New York County (Lorraine Miller, J.), entered September 30, 1998, which denied plaintiff's ex parte application for a default judgment against the non-answering defendants, and from an order, same court (Stuart Cohen, J.), entered January 27, 1998, which dismissed the complaint for failure to state a cause of action against defendants Sylvia Nash, Mark Stempa and Norman Goldfinger, and from an order, same court (Lorraine Miller, J.), entered on or about December 11, 1998, which denied plaintiff's ex parte application to extend his time to file his note of issue, and from that part of the aforementioned order, entered November 9, 1998, which denied plaintiff's motion to reargue, unanimously dismissed, without costs.

It is settled that ex parte orders are unappealable as of right (CPLR 5701 [a] [2]; *Nedell v Sprigman*, 227 AD2d 163).

Plaintiff's appeal from the denial of his ex parte application for a default judgment should therefore be dismissed. Were we to reach the merits, we would find that the court's ruling, requiring that the application should be on notice to the non-answering defendants and other interested parties, was proper (*see,* CPLR 3215 [d], [g] [1]).

Plaintiff's appeal from the order entered January 27, 1998, dismissing his complaint against the individual defendants, is untimely inasmuch as the order was served on February 2, 1998, and plaintiff filed his notice of appeal on December 18, 1998. Plaintiff's denial of receipt of service is insufficient to rebut the presumption of service (*Engel v Lichterman,* 62 NY2d 943; *14 Second Ave. Realty Corp. v Szalay,* 16 AD2d 919). In any event, the complaint against the individual defendants was properly dismissed. Plaintiff failed to state a cause of action for breach of contract since the complaint fails to allege that these defendants, officers of the defendant cemetery corporation, personally undertook any of the acts complained of. Corporate officers may not be held personally liable on contracts of the corporation where they did not purport to bind themselves individually (*Westminster Constr. Co. v Sherman,* 160 AD2d 867; *see also, Savoy Record Co. v Cardinal Export Corp.,* 15 NY2d 1, 4). The fraud claim was properly dismissed since the complaint fails to allege that the individual defendants made any representations with the requisite scienter (*see, e.g., Feldman v Grant,* 213 AD2d 340, 341, *lv denied* 86 NY2d 701, 708). The individual defendants owed plaintiff no duty of care to maintain plaintiff's grandparents' grave, as that duty was the cemetery's (*see,* Not-for-Profit Corporation Law § 1507).

The denial of plaintiff's motion to renew and reargue the dismissal of the complaint against the individual defendants is properly viewed simply as a denial of reargument since plaintiff, in support of his motion for reconsideration, failed to allege new or previously unavailable facts, and the denial of reargument is not appealable (*Amankwa v New York City Hous. Auth.,* 224 AD2d 262). Leave to amend the complaint was properly denied (*see, Rosenshein v Rosenshein,* 158 AD2d 268, 269). While plaintiff makes numerous allegations "upon information and belief" in the proposed amended complaint, he fails to state the necessary factual allegations to support his new theories of the case.

The court properly denied the motion to certify a class since plaintiff failed to identify other members of the class or establish that the number of complainants was so large as to render

joinder impracticable or that common issues of law and fact predominate (*see, Ackerman v Price Waterhouse*, 252 AD2d 179). Moreover, it is unlikely that the *pro se* plaintiff will be able to safeguard the interests of the proposed class (CPLR 901 [a] [4]).

Summary judgment in favor of defendant Kirschenbaum Bros., Inc. was properly granted. Plaintiff failed to raise any issue with respect to Kirschenbaum's proof that it did not provide graveside burial services for either of plaintiff's grandparents or that it has no ownership interest in the defendant cemetery (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiff's speculation that Kirschenbaum must have been in collusion with defendant Mount Judah is insufficient to defeat a motion for summary judgment (*supra*).

The court's denial of plaintiff's motion to compel discovery was an appropriate exercise of discretion inasmuch as plaintiff's requests, seeking hundreds of original cemetery documents, including those relating to burials dating back to the turn of the 20th century, were overly broad, unduly burdensome and improper (*see, Hualde v Otis El. Co.*, 235 AD2d 269). The court properly ruled that plaintiff is only entitled to documents relating to his grandparents.

The order denying plaintiff's ex parte application to extend his time for filing his note of issue is unappealable (CPLR 5701 [a] [2]; *Nedell v Sprigman, supra*). In any event, the court's denial of plaintiff's application—his second—was not an improvident exercise of discretion, particularly in view of the questionable merit of plaintiff's claims (*see, Brucculeri v Metro-North Commuter R. R. Co.*, 216 AD2d 66). Concur—Rosenberger, J. P., Williams, Lerner, Andrias and Friedman, JJ.