■ RUBY BARKSDALE et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [709 NYS2d 531] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered July 22, 1998, which denied plaintiff's motion to vacate the court's Order to Show Cause, signed March 24, 1998, and granted defendant's post-mistrial motion for summary judgment, brought by the same order to show cause, unanimously reversed, on the law, without costs, the complaint reinstated and the matter remanded for a new trial.

Plaintiff's decedent died when she fell from a moving subway train in an attempt to change cars. Plaintiff alleged in her Notice of Claim to the New York City Transit Authority, dated

September 4, 1990, that her decedent's death was caused by the Authority's negligence, which consisted of: "failing to properly maintain the guard chains b[e]tween trains, the railings between trains and properly safeguard the passengers so that when decedent was forced to go from one train to the other due to being molested by other passengers, she fell from the train because the chains were not in pl[a]ce a[n]d were defective."

In her bill of particulars, dated March 27, 1992, plaintiff alleged that the Authority was negligent also, *inter alia*, in:

"improperly designing, operating and using passenger cars with improperly designed and unsafe gates or other devices between railroad cars; [and]

"failing to correct or make safe and secure the gates and chains between passenger railroad cars with knowledge of or under circumstances wehre *[sic]* defendant should have had knowledge that people move frome *[sic]* one car to another while the train is in motion."

On May 6, 1997, upon the Authority's motion *in limine*, Justice Anne Targum limited plaintiff's proof to the allegations in her Notice of Claim. The case then was tried and sent to the jury, which found in plaintiff's favor but deadlocked on the issue of damages. Justice Targum declared a mistrial and ordered a new trial.

Ten months later, the Authority moved for summary judgment dismissing the complaint on the grounds that plaintiff failed to state a cause of action and that there were no triable issues of material fact. The Authority argued that Justice Targum's order limiting plaintiff's proof to the allegations in the Notice of Claim had become "law of the case" and served as the basis for a grant of summary judgment.

Plaintiff opposed the motion on the grounds of untimeliness. She also argued that Justice Targum's order was not the law of the case, but, if it did prevent her from proving the Authority's liability on theories that were not alleged in the Notice of Claim, then the court's submission of the matter to the jury must prevent the Authority from denying that there were issues of fact for a jury to resolve.

In granting the Authority's motion for summary judgment, notwithstanding that Justice Targum, who presided over the trial, sent the case to the jury, Justice McKeon stated that "apparently" no evidence had been produced at trial to substantiate plaintiff's allegations. He held that plaintiff was barred by Justice Targum's proof-limiting order from asserting any theo-

ries other than those in her Notice of Claim, and he found good cause for the Authority's delay in moving for summary judgment in the unusual circumstances of the action, i.e., that the parties did not narrow the issues until the time of trial. He then concluded that it would constitute an improvident use of judicial resources to insist on a second trial before deciding the motion for summary judgment.

We reverse.

Justice McKeon erred initially in entertaining the Authority's post-mistrial motion for summary judgment. As an administrative matter, the motion should have been brought before Justice Targum. The Individual Assignment System provides for "continuous supervision of each action and proceeding by a single judge" (Uniform Rules for Trial Cts [22 NYCRR] § 202.3 [a]). In the name of conserving judicial resources, Justice McKeon flouted the spirit of this system and its very objectives of avoiding inconsistent rulings and promoting judicial economy (*see, e.g., Clearwater Realty Co. v Hernandez*, 256 AD2d 100, 102).

As a matter of procedure, the motion should have been denied as untimely. The Authority failed to file it within 120 days after January 1, 1997, as required by CPLR 3212 (a) in cases in which the note of issue was filed before that date (*Phoenix Garden Rest. v Chu*, 245 AD2d 164), and failed to establish good cause for the delay (*Borelli v Gegaj*, 248 AD2d 299). The Authority claimed that it could not move for summary judgment until it had received the trial transcript, including Justice Targum's proof-limiting order. We reject this excuse. Plaintiff served her Notice of Claim on the Authority in September 1990. By early 1992, the Authority was in a position to argue that plaintiff was barred from adding new theories of liability by her failure to seek to amend the Notice of Claim within the limitation period of one year and 90 days "after the happening of the event upon which the claim is based" (Public Authorities Law § 1212 [2]; General Municipal Law § 50-e [5]; *Chipurnoi v Manhattan & Bronx Surface Tr. Operating Auth.*, 216 AD2d 171). The evidence on which the Authority relied in support of its motion for summary judgment consisted entirely of the testimony of witnesses who were deposed in 1994. The Authority could have moved for summary judgment at any time, within the period prescribed by CPLR 3212 (a), after the note of issue was filed in this case in 1995.

Justice McKeon noted that, had no mistrial occurred, the Authority could have moved for judgment notwithstanding the verdict (j.n.o.v.) on the same issues and arguments it presented

in this motion. Of course, a motion for j.n.o.v. must be brought before the trial court (*see*, CPLR 4405). But, again, the Authority need not have waited for the jury's verdict. If, as it claimed in the motion for summary judgment, plaintiff offered no evidence that the guard chains on the subway cars were misplaced and defective, then the Authority should have moved for a directed verdict at the close of plaintiff's case (*see*, CPLR 4401). Given Justice Targum's decision to submit the case to the jury, it can be presumed that she would have denied such a motion. Concur—Williams, J. P., Ellerin, Rubin and Saxe, JJ.