■ ROBERT ILAS, Appellant, v NIHAGEN & Co., INC., et al., Respondents, et al., Defendant. [756 NYS2d 573] —Order, Supreme Court, New York County (Helen Freedman, J.), entered January 16, 2002, which, to the extent appealed from, granted the cross motion of defendants-respondents for a protective order, precluding service of a notice of deposition or subpoena on defendants' corporate attorney, and directing plaintiff to reimburse defendants $150 of their motion costs, unanimously modified, on the facts, to delete the award of motion costs to defendants, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered June 11, 2002, which denied plaintiff reargument, unanimously dismissed, without costs, as taken from a nonappealable order.

Assuming that Emouna is a nonparty witness as plaintiff contends, the motion court properly exercised its discretion in determining that plaintiff failed to show sufficient cause to depose Emouna since plaintiff failed to make the requisite demonstration that the information sought from Emouna was material and necessary (*see King v State Farm Mut. Auto. Ins. Co.*, 198 AD2d 748 [1993]; *Greasy Spoon v Jefferson Towers,* 181 AD2d 639 [1992]). The award of $150 in costs to defendants pursuant to 22 NYCRR 130-1.1 (a) was not warranted under the particular circumstances presented. Inasmuch as plaintiff failed to allege new or previously unavailable facts in support of his motion for reargument and renewal, the motion is properly viewed simply as one for reargument and, as such, is not appealable (*see Lichtman v Mount Judah Cemetery*, 269 AD2d 319, 320 [2000]). Concur—Buckley, P.J., Rosenberger, Lerner, Friedman and Gonzalez, JJ.