STEINHARDT GROUP, INC., et al., Appellants, v CITICORP et al., Respondents. [757 NYS2d 537] —Appeal from order, Supreme Court, New York County (Charles Ramos, J.), entered December 20, 2001, which denied plaintiffs' motion to add Steinhardt Realty as a party plaintiff and sua sponte dismissed the complaint pursuant to CPLR 1001 and 1003 for failure to join a necessary party, unanimously dismissed, without costs, as untimely taken. Appeal from order, same court and Justice, entered July 19, 2002, which denied plaintiffs' motion to reargue, denominated as a motion to vacate the prior order, unanimously dismissed, without costs, as taken from a nonappealable order.

The notice of appeal from the December 20, 2001 order, not having been filed within 30 days of service of the order with notice of its entry, was untimely and the appeal must therefore be dismissed (see CPLR 5513; *Hecht v City of New York*, 60 NY2d 57, 61 [1983]; *and see* CPLR 5514). Contrary to plaintiffs' argument, the December 20, 2001 order did not become appealable only after the denial of plaintiffs' subsequent motion purporting to seek vacatur of the December 20, 2001 order; the December 20, 2001 order denying plaintiffs' motion to amend their complaint was appealable as of right from the time of its entry (see e.g. *Daigle v Texas Intl. Co.*, 109 AD2d 648, 649 [1985]). Nor was the order initially nonappealable by reason of the sua sponte dismissal, plaintiffs' motion having been "on notice" (*cf. Nedell v Sprigman*, 227 AD2d 163 [1996]). We note, moreover, that even if the order had been nonappealable upon the grounds cited in *Nedell*, the order would not thereafter have become appealable upon the denial of a subsequent motion to vacate; the only appealable paper in that circumstance would have been the order denying vacatur (*see id.*). It may be noted as well that, notwithstanding the circumstance that the relief afforded in the December 20, 2001 order was sua sponte, the basis for the relief, namely, nonjoinder of a necessary party plaintiff the claims of which against defendants were time-barred, was fully litigated in the context of plaintiffs' motion to amend the complaint to name the nonjoined party as a plaintiff.

Although denominated a motion to vacate the sua sponte

dismissal, plaintiffs' subsequent motion was, properly viewed, one to reargue the prior order (*cf. id.*), and the denial of the subsequent motion in the July 19, 2002 order was, accordingly, nonappealable (*see Federation of Puerto Rican Orgs. of Browns-ville v Mateo*, 235 AD2d 326 [1997], *lv denied* 90 NY2d 844 [1997]).

Were the appeals properly before us, we would affirm. Stein-hardt Realty, although not joined during the four-year pendency of this action, was a necessary party, indeed the sole real party in interest, the named plaintiffs, although suing for fraud, having neither relied on the alleged misrepresentations nor sustained resulting damages (*see King v George Schonberg & Co.*, 233 AD2d 242 [1996]). In view of plaintiffs' inexcusable delay in seeking to add Steinhardt Realty as a party plaintiff and the prejudice that the belated joinder of Steinhardt Realty would cause defendants, as well as the circumstance that the claims of Steinhardt Realty against defendants were plainly unavailing, the statute of limitations period applicable to such claims having run, leave to amend the complaint to name Steinhardt Realty as a party plaintiff was properly denied (*see F.G.L. Knitting Mills v 1087 Flushing Prop.*, 191 AD2d 533 [1993]; *see also Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 116-117 [1998]). Thus, the complaint was properly dismissed for nonjoinder of a necessary party. Concur—Tom, J.P., Mazzarelli, Sullivan, Williams and Gonzalez, JJ.