■ JOEL TOUSSAINT, Appellant, v DIVINE BROTHERS Co., Defendant and Third-Party Plaintiff-Respondent. LAFAYETTE DISPLAY FIXTURES et al., Third-Party Defendants-Respondents. [757 NYS2d 498] —In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (R. Goldberg, J.), entered February 11, 2002, which, upon an order of the same court, dated September 13, 1999, granting the separate motions of the defendant and the third-party defendants to dismiss the complaint pursuant to CPLR 3404 on the ground of abandonment and lack of prosecution, and denying his cross motion to restore the action to the active calendar, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, the order dated September 13, 1999, is vacated, the motions are denied, the plaintiff's cross motion is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The Supreme Court marked this action off its "active" calendar on May 13, 1996. By order dated September 13, 1999, the Supreme Court granted the separate motions of the defendant and the third-party defendants to dismiss the action pursuant to CPLR 3404 and denied the plaintiff's cross motion to restore the action. A judgment dismissing the action based upon the September 1999 order was entered on February 13, 2002. The plaintiff appeals from the judgment and seeks reversal based upon this Court's decision in *Lopez v Imperial Delivery Serv.* (282 AD2d 190 [2001]).

It is undisputed that the instant action was never placed on the trial calendar, but rather was in discovery at the time it was marked off. Under *Lopez* (*supra*), such action was improper and the action was never dismissed. Accordingly, this action must be restored to the Supreme Court's active inventory.

The defendant's and the third-party defendants' remaining contentions are without merit. Prudenti, P.J., Ritter, Feuerstein and Adams, JJ., concur.