EDITH MILLIEN et al., Appellants, v MILLAR ELEVATOR INDUSTRIES, INC., Respondent. [774 NYS2d 764]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated April 22, 2003, as, upon reargument, adhered to its prior determination in an order dated January 14, 2003, denying their motion (a) to vacate so much of an order of the same court (R. Goldberg, J.), dated November 11, 1999, as, sua sponte,

dismissed the action, and (b) to restore the action to active status.

Ordered that the order dated April 22, 2003, is reversed insofar as appealed from, on the law, with costs, upon reargument, the motion is granted, the order dated January 14, 2003, and so much of the order dated November 11, 1999, as dismissed the action are vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The Supreme Court marked this action off its active calendar on April 26, 1995. By order dated November 11, 1999, the Supreme Court, sua sponte, dismissed the action pursuant to CPLR 3404. The plaintiffs moved, on notice, to vacate the order dated November 11, 1999, and to restore the action to active status based upon this Court's decision and order in *Lopez v Imperial Delivery Serv.* (282 AD2d 190 [2001]; (*see Nedell v Sprigman,* 227 AD2d 163 [1996]; *see also* CPLR 2221 [a]; 5701 [a] [2]). The Supreme Court denied the motion and, upon reargument, adhered to its original determination.

It is undisputed that no note of issue placing this action on the trial calendar was ever filed, and the action was in discovery at the time it was marked off. Thus, the Supreme Court erroneously dismissed the action pursuant to CPLR 3404 (*see Toussaint v Divine Bros. Co.,* 304 AD2d 654 [2003]; *Mo Wan Lam v Dai Sing Corp.,* 301 AD2d 581 [2003]; *Georgetown Mews Owners Corp. v Campus Assoc.,* 283 AD2d 608 [2001]; *Lopez v Imperial Delivery Serv., supra*). Accordingly, the motion to restore the action should have been granted.

In their motion for leave to reargue, the plaintiffs also sought a determination of a prior motion to strike the defendant's answer which was pending when the action was dismissed. Since the dismissal is vacated and the action restored, that motion can now be decided on the merits. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.