■ MARTIN JACKSON, Appellant, v JoANN JACKSON, Also Known as JoANN BURDIERI, Respondent. [776 NYS2d 477]—

Appeal from order, Supreme Court, New York County (Laura E. Drager, J.), entered March 14, 2003, which, upon plaintiff's default in opposing defendant's motion to enforce plaintiff's child support obligations, inter alia, directed that a money judgment, with prejudgment interest, be entered against plaintiff for child support arrears, unanimously dismissed, without costs. Appeal from order, same court and Justice, entered May 6, 2003, unanimously dismissed to the extent it denied plaintiff's motion to renew and reargue the March 14 order; such order, to the extent it granted defendant's cross motion for newly accrued arrears, attorneys' fees and a contempt order, unanimously modified, on the law, to deny the motion for a contempt order and vacate the imposition of a contempt fine, and otherwise affirmed, without costs.

No appeal lies from the March 14 order since it was entered upon plaintiff's default (CPLR 5511). Plaintiff's appeal from that part of the May 6 order as denied his motion to reargue and renew the March 14 order must also be dismissed. Plaintiff's remedy for the March 14 order was not a motion to reargue and renew the very issues that the motion court never reached because of his default, in particular, the correct calculation of arrears, but a motion to vacate his default and then an appeal

from a denial of the motion to vacate (*Nedell v Sprigman*, 227 AD2d 163, 163 [1996]). In any event, were we to treat plaintiff's motion to reargue and renew as one to vacate his default, we would find it deficient in the absence of an affirmation from his attorney explaining why more time was needed to prepare opposition. We would also find that plaintiff's intention to make a motion for a downward modification of child support was not a basis for further delay of defendant's motion for a judgment of arrears.

Concerning the appealable portions of the May 6 order, we find that plaintiff's failure to pay child support was willful within the meaning of Domestic Relations Law § 237 (c), and that the award of $16,037.50 is proper compensation thereunder. However, we vacate the finding of civil contempt and the imposition of a contempt fine, there being no showing that less drastic enforcement remedies are not available (Domestic Relations Law § 245; *see MacKinnon v MacKinnon*, 277 AD2d 636 [2000]). In this regard, we note that the March 14 order requires plaintiff to post a bond as security for future payment of child support, and restrains him from distributing the proceeds of the sale of any property he owns, including a house that, it appears, is listed for sale at $1.65 million. Concur—Nardelli, J.P., Tom, Ellerin and Williams, JJ.