(December 22, 2005)

Julio Appolino, et al., Respondents, v Felicia Delorbe et al., Appellants, et al., Defendant. [807 NYS2d 19]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered June 14, 2004, which denied the motion of the nonparty law firm that is house counsel for defendants' insurance carrier to be relieved as defendants-appellants' counsel, unanimously reversed, on the law, without costs, the motion granted and the law firm discharged.

The Nassau County default judgment declaring that defendants-appellants' insurer, Eagle Insurance Company, had no duty to defend was law of the case, and the motion court erred in failing to give it effect in determining the law firm's motion to withdraw. The motion court's ruling placed the insurer's house counsel in an untenable position by being directed to continue an attorney/client relationship that was no longer viable by virtue of the Nassau County Supreme Court determination that the insurer had no duty to defend or indemnify defendants (see Torres v Bratcher, 35 AD2d 922 [1970]). Plaintiffs, who opposed the motion, relied on Barksdale v New York City Tr. Auth. (273 AD2d 43 [2000]) for the proposition that the Nassau County judgment should be vacated as having been obtained in violation of Uniform Rules for Trial Courts (22 NYCRR) § 202.3 (a). Their reliance is misplaced

since, among other things, the facts in that case are readily distinguishable from the matter at bar. In *Barksdale*, the issue before the two courts was the same, thereby creating the potential for conflicting rulings. Here, the Nassau County declaratory judgment action addressed only coverage issues under the insurance policy, while the New York County action addressed the related personal injury action. Although it might have been desirable for the same judge to hear both actions, it was not required under the circumstances. In any event, the default judgment could not be attacked collaterally, and apparently no motion to vacate was ever filed (*see e.g. Jackson v Jackson*, 7 AD3d 404 [2004]; *Matter of Eagle Ins. Co. v Facey*, 272 AD2d 399 [2000]).

Finally, plaintiffs cited no prejudice or any other basis for opposing the law firm's motion, and none is apparent. Concur—Buckley, P.J., Saxe, Ellerin, Nardelli and Williams, JJ.