Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered January 12, 2012, which, to the extent appealed from as limited by the briefs, denied defendant Mobile Steam *485 Boiler Rental Corp.’s motion for summary judgment dismissing the complaint and all cross claims against it, and granted New York University, New York University Real Estate Corporation (together, NYU), and Cooper Square Realty, Inc.’s motion for summary judgment dismissing the complaint and all cross claims against them, unanimously modified, on the law, NYU and Cooper Square’s motion denied as to NYU, and otherwise affirmed, without costs. Order, same court and Justice, entered February 23, 2012, which granted NYU and Cooper Square’s motion for summary judgment on their cross claim for contractual indemnification as against Mobile, unanimously reversed, on the law, without costs, and the motion denied.
The record shows that, in September 2007, having to shut down the basement boiler in one of its buildings for two weeks for asbestos removal, NYU contracted with Mobile to supply a temporary mobile boiler. Because of its size, the temporary boiler was to be housed in a trailer parked on Fifth Avenue. The permit issued by the City for the parking of the trailer, inter alia, required the permittee to coordinate with the City resident engineer before starting work and prohibited parking in or adjacent to a work zone. During the same month, the City undertook to mill and repave 100 blocks of Fifth Avenue. When Mobile parked its temporary boiler, the portion of Fifth Avenue where the trailer was parked had been milled and was awaiting repaving. Although signs had been placed on the roadway notifying the public of the repaving project and providing contact numbers for any inquiries related to the project, neither Mobile nor NYU made any inquiry before parking the trailer. One day before the boiler began supplying hot water to the building, the section of the street where it was parked was repaved. City officials had spoken with Mobile personnel in advance, but were told that the boiler could not be moved because it was providing hot water to the NYU building. The officials elected to repave around the trailer. Two weeks later, Mobile removed the trailer, without notifying the City, leaving a large two- to three-inch depression in the roadbed. Plaintiff brought this action to recover for injuries she allegedly sustained when she tripped on the uneven surface of the road approximately one month later.
Issues of fact exist, inter alia, as to whether Mobile abided by the requirements of the permit, whether Mobile’s acts or omissions caused the City to have to pave around the trailer, whether Mobile exacerbated a dangerous condition by removing the trailer and exposing the public to a greater risk of coming into contact with the roadbed depression (see Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]), and whether Mobile *486 exercised control over the curb space it occupied during the City’s repaving project (see Jackson v Board of Educ. of City of N.Y., 30 AD3d 57, 60 [1st Dept 2006]; Balsam v Delma Eng’g Corp., 139 AD2d 292, 297 [1st Dept 1988], lv dismissed in part, denied in part 73 NY2d 783 [1988]).
The record also presents issues of fact as to NYU’s liability arising from its special use of the street, i.e., the parking of the temporary boiler for its exclusive use (see Kaufman v Silver, 90 NY2d 204, 207 [1997]; Petty v Dumont, 77 AD3d 466, 468 [1st Dept 2010]), despite the roadbed’s existing milled condition and the prohibition against parking in or near a work zone, and whether it had constructive notice of and failed to repair the dangerous condition of the roadbed after Mobile removed its trailer. However, there is no evidence that Cooper Square benefitted from the special use of the street.
Because the indemnification provision requires Mobile to indemnify NYU and Cooper Square for their own negligence, and there is an issue of fact whether NYU and Cooper Square were negligent, they are not entitled to summary judgment on their claim for contractual indemnification against Mobile (see General Obligations Law § 5-322.1; Picaso v 345 E. 73 Owners Corp., 101 AD3d 511 [1st Dept 2012]). Concur — Gonzalez, EJ., Tom, Richter and Abdus-Salaam, JJ.