■ PIOTR HARASIM et al., Respondents-Appellants, v ELJIN CONSTRUCTION OF NEW YORK, INC., Appellant-Respondent, MADISON-90TH STREET CORPORATION, Respondent-Appellant, and DOUGLAS ELLIMAN, LLC, Respondent, et al., Defendant. MADISON-90TH STREET CORPORATION et al., Third-Party Plaintiffs-Respondents-Appellants, v SUSAN GOLDBERG et al., Third-Party Defendants-Appellants-Respondents. (And a Second Third-Party Action.) [966 NYS2d 387]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered May 21, 2012, which, to the extent appealed from as

limited by the briefs, denied the part of defendant Eljin Construction of New York, Inc.'s motion for summary judgment that sought dismissal of plaintiffs' Labor Law § 241 (6) claim as against it, denied the part of third-party defendants' motion for summary judgment that sought dismissal of third-party plaintiffs' claims against them for contractual indemnification and breach of contract for failure to procure adequate insurance, denied plaintiffs' cross motion for partial summary judgment on their Labor Law § 241 (6) claims against defendants Madison-90th Street Corporation and Eljin, denied so much of the motion of defendants/third-party plaintiffs Madison and Douglas Elliman, LLC as sought summary judgment dismissing plaintiffs' Labor Law § 241 (6) claims as against Madison, and denied so much of their motion as sought conditional summary judgment on their contractual indemnification claims against third-party defendants, unanimously modified, on the law, to dismiss plaintiffs' Labor Law § 241 (6) claim against Madison and Eljin solely to the extent that it is predicated on 12 NYCRR 23-1.7 (e) (2), and otherwise affirmed, without costs. Appeal from the part of the order entered May 21, 2012 that denied so much of Madison and Elliman's motion as sought summary judgment dismissing plaintiffs' Labor Law § 200 and common-law negligence claims as against Madison, denied so much of their motion as sought conditional summary judgment on their contractual indemnification claim against Eljin, and granted so much of Eljin's motion as sought summary judgment dismissing plaintiffs' Labor Law § 200 and common-law negligence claims as against it, unanimously dismissed, without costs, as untimely.

Industrial Code (12 NYCRR) § 23-1.7 (e) (2), which protects workers from tripping hazards, is inapplicable because the injured plaintiff does not allege that he tripped over "dirt and debris," "scattered tools" or "sharp projections" in his work area. Rather, he alleges that he slipped on a stairway in a building owned and maintained by defendant Madison (*see Velasquez v 795 Columbus LLC*, 103 AD3d 541, 541 [1st Dept 2013]).

Industrial Code (12 NYCRR) § 23-1.7 (d) is applicable because the permanent staircase where plaintiff's accident occurred was a "passageway" within the meaning of that provision. Indeed, the staircase was the sole means of access to the work site, and it was not an open area accessible to the general public (*Wowk v Broadway 280 Park Fee, LLC*, 94 AD3d 669, 670 [1st Dept 2012]). Nonetheless, plaintiffs are not entitled to partial summary judgment as to liability on that claim, as there are triable issues of fact as to whether a slippery condition on the stairway caused plaintiff's accident (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 146-147 [1st Dept 2012]).

Madison does not dispute that its notice of appeal was untimely (*see* CPLR 5513), and it offers no explanation for its delay. Accordingly, its appeal must be dismissed to the extent indicated (*Steinhardt Group v Citicorp*, 303 AD2d 326, 326 [1st Dept 2003], *lv denied* 100 NY2d 506 [2003]; *see Hecht v City of New York*, 60 NY2d 57, 61-62 [1983]). If the appeal were properly before us, we would affirm, as there is no evidence of Eljin's negligence and there are triable issues of fact with respect to Madison's negligence (*see Picaso v 345 E. 73 Owners Corp.*, 101 AD3d 511, 512 [1st Dept 2012]).

The third-party defendant tenants are not entitled to a declaration as to the enforceability of the indemnification provision governing Madison's contractual indemnification claims, as they did not seek such relief from the court below. The court properly denied the parties' competing summary judgment motions with respect to those claims, since the contractual indemnification provision does not preclude indemnification for damages caused by Madison's own negligence and an issue of fact exists as to Madison's negligence (*see Bell v City of New York*, 104 AD3d 484, 486 [1st Dept 2013]; *Picaso*, 101 AD3d at 512).

Triable issues of fact also exist as to whether the insurance coverage procured by third-party defendants satisfied the requirements of their alteration agreement with third-party plaintiffs, particularly in light of the declaratory judgment action pending on the issue, and the failure of the parties to submit competent proof in support of their respective arguments (*Nenadovic v P.T. Tenants Corp.*, 94 AD3d 534, 535-536 [1st Dept 2012]). Concur—Acosta, J.P., Renwick, Richter and Feinman, JJ.