JPMorgan Chase Bank, N.A. v Caliguri (2019 NY Slip Op 00262)





JPMorgan Chase Bank, N.A. v Caliguri


2019 NY Slip Op 00262


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-06999
 (Index No. 66298/14)

[*1]JPMorgan Chase Bank, National Association, respondent,
v
Ross R. Caliguri, etc., appellant, et al., defendants.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ross R. Caliguri appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated May 11, 2017. The order, insofar as appealed from, denied his motion to transfer the action pursuant to 22 NYCRR 202.3(a) to the Justice who heard a prior foreclosure action involving the subject property, granted those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference, and denied his cross motion for summary judgment dismissing the complaint or to compel certain discovery.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The premises that are the subject of the instant mortgage foreclosure action were also the subject of a prior mortgage foreclosure action commenced on July 2, 2009, in the Supreme Court, Suffolk County, by JPMorgan Chase Bank, National Association (hereinafter JPMorgan Chase), against, among others, the defendant Ross R. Caliguri (hereinafter the defendant). By order dated March 7, 2012, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint in that prior action on the ground that JPMorgan Chase failed to establish that it had standing and failed to comply with discovery demands. This Court affirmed, concluding that the dismissal was not on the merits (see Caliguri v JPMorgan Chase Bank, N.A., 121 AD3d 1030, 1031).
In 2014, JPMorgan Chase commenced the instant mortgage foreclosure action. In his answer, the defendant asserted certain affirmative defenses, including lack of standing. The defendant later served demands for discovery, including a demand for production of the original note. Prior to the completion of discovery, the defendant moved pursuant to 22 NYCRR 202.3(a) to transfer the action to the Justice who heard the prior foreclosure action. JPMorgan Chase moved, inter alia, for summary judgment on the complaint and for an order of reference, and the defendant cross-moved for summary judgment dismissing the complaint or to compel certain discovery. The Supreme Court denied the defendant's motion and cross motion and granted JPMorgan Chase's motion. The defendant appeals.
22 NYCRR 202.3(a) provides for an individual assignment system which assigns the continuous supervision of each action and proceeding by a single judge. However,"[t]he Uniform [*2]Rules for Trial Courts do not deal with the issue of whether related cases should be assigned to the same Judge" (Matter of Morfesis v Wilk, 138 AD2d 244, 246). There is no requirement that related cases be heard by the same judge. Further, as the prior foreclosure action was no longer pending, there existed no "potential for conflicting rulings" (Appolino v Delorbe, 24 AD3d 252, 253; see Clearwater Realty Co. v Hernandez, 256 AD2d 100). Accordingly, it was not an improvident exercise of discretion for the Supreme Court to deny the defendant's motion pursuant to 22 NYCRR 202.3(a) to transfer the action to the Justice who heard the prior foreclosure action.
JPMorgan Chase demonstrated its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (see CitiMortgage, Inc. v Guillermo, 143 AD3d 852). In addition, it established its standing by attaching to the summons and complaint a copy of the consolidated note, bearing an endorsement in blank from the original lender (see Nationstar Mtge., LLC v LaPorte, 162 AD3d 784; HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055). Contrary to the defendant's contention, "there is no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (U.S. Bank N.A. v Henry, 157 AD3d 839, 841). In opposition, the defendant failed to raise a triable issue of fact.
The defendant's remaining contentions are without merit. Accordingly, we agree with the Supreme Court's determination granting JPMorgan Chase's motion and denying the defendant's cross motion.
ROMAN, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court