Smith v Pereira (2019 NY Slip Op 07357)





Smith v Pereira


2019 NY Slip Op 07357


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


10071N 305579/14

[*1] Kerry Smith, et al., Plaintiffs-Appellants,
v
Lenny E. Pereira, Defendant-Respondent, John and Jane Does (1-50), et al., Defendants.


Sekas Law Group, LLC, New York (Nicholas G. Sekas of counsel), for appellants.
Law Offices of Jennifer S. Adams, Yonkers (Jeffrey A. Domoto of counsel), for respondent.



Appeal from order, Supreme Court, Bronx County (Donna M. Mills, J.), entered on or about July 31, 2018, which, in this action for personal injuries sustained in a motor vehicle accident, denied the motion of plaintiffs for leave to reargue (denominated a motion for leave to renew and reargue) defendant Lenny E. Pereira's motion for summary judgment dismissing the complaint, unanimously dismissed, without costs, as taken from a nonappealable order.
Plaintiffs' motion, denominated as one for leave to renew and reargue, was not based on new facts unavailable at the time of the original motion, and thus was actually a motion for leave to reargue, the denial of which is not appealable (CPLR 2221[e]; see Lichtman v Mount Judah Cemetery, 269 AD2d 319, 320 [1st Dept 2000], lv denied in part and dismissed in part 95 NY2d 860 [2000]). Plaintiffs cannot show due diligence in attempting to obtain the subject physician's affirmation because they did not submit it until they moved to renew and reargue without explanation despite defendant pointing out in its reply papers that the physician's report was unsworn (see Jones v 170 E. 92nd St. Owners Corp., 69 AD3d 483 [1st Dept 2010]).
Furthermore, inasmuch as no appeal lies from the denial of a motion to reargue, and no appeal has been taken from the original determination granting defendant's motion for summary judgment, plaintiffs' arguments addressed to that determination are not properly before us (see Stratakis v Ryjov, 66 AD3d 411, 411-412 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK