NYC Taxi Group, Inc., and Gabriel Dhaiti, Appellants,
against
Henry Gallardo, Defendant, and Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Nonparty-Respondent. 

Eppinger, Reingold & Korder (Mitchell L. Korder of counsel), for appellants.
Henry Gallardo, defendant pro se (no brief filed).
Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C. (Anton Piotroski of counsel), for nonparty-respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Cenceria P. Edwards, J.), entered April 16, 2018. The order granted a motion by the law firm of Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C. to be relieved as counsel for defendant.
ORDERED that the order is affirmed, with $30 costs.
In this action, plaintiffs seek to recover the principal sum of $12,368.53 for property damage they allegedly sustained as a result of an automobile accident that occurred on October 11, 2014. The law firm of Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C. (Hammill, O'Brien), which had been retained by defendant's insurer, the Middlesex Insurance Company (Middlesex), interposed an answer on defendant's behalf and participated in the litigation of the case on defendant's behalf. Thereafter, Hammill, O'Brien moved to be relieved as counsel for defendant. 
In support of Hammill, O'Brien's motion, attorney Patricia Donohoe stated that Middlesex had rescinded its contract of insurance with defendant based upon a material misrepresentation that defendant had made to Middlesex, and, in the Supreme Court, Queens County, had been relieved of its obligation to defend or indemnify defendant. Donohoe provided a copy of an order of the Supreme Court, Queens County, in the matter of Middlesex Ins. Co.v Gallardo (index No. 39/17 [Timothy J. Dufficy, J.]), entered October, 12, 2017, in which the Supreme Court granted Middlesex's motion for, among other things, a declaratory judgment that Middlesex had no obligation to defend or indemnify defendant in connection with the October 11, 2014 accident. Plaintiffs opposed Hammill, O'Brien's motion. By order entered April 16, 2018, the Civil Court (Cenceria P. Edwards, J.) granted the motion, relieved Hammill, O'Brien as counsel for defendant, and stayed the action for 60 days to afford defendant an opportunity to obtain new counsel. Plaintiffs appeal.
"As a general rule, an attorney may terminate the attorney-client relationship at any time for a good and sufficient cause and upon reasonable notice" (Rivardeneria v New York City Health & Hosps. Corp., 306 AD2d 394, 395 [2003]). Here, the Supreme Court's determination, made subsequent to Middlesex's retention of Hammill, O'Brien to act as counsel to defendant, that Middlesex had no duty to defend or indemnify defendant, is binding (see Appolino v Delorbe, 24 AD3d 252 [2005]). In this circumstance, the Civil Court properly granted Hammill, O'Brien's motion to be relieved as defendant's attorney.
We reach no other issue.
Accordingly, the order is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 29, 2020